UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARCHER AVELIN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES DEPARTMENT )<br>OF DEFENSE *et al.*, )<br>)<br>Defendants. ) | Civil Action No.   23-03875 (UNA) |

**MEMORANDUM OPINION**

Plaintiff, appearing *pro se*, has filed a complaint against the Departments of Defense (DOD) and Homeland Security and an application to proceed *in forma pauperis*. The Court will grant the application and dismiss the case for want of jurisdiction.

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). It is "presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id*. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 8(a); 12(h)(3).

Plaintiff, a resident of Swansea, Massachusetts, faults Defendants for his alleged "encounter[]" on July 4, 2023, with "high flood waters unexpectedly" while "travelling by automobile on a public freeway" in Swansea, which resulted in his car's engine failure. Compl. and Request for Injunction, ECF No. 1 at 4-5. Allegedly, the "adverse weather condition was created by persistent contrails in the areas the day before." *Id*. at 4. Plaintiff contends that "much evidence" exists "that these long contrails contain hazardous chemicals that are used to seed clouds

and direct storm systems" and "[m]any researchers have concluded that these secret aerosol programs are being executed by forces that are foreign and against the best interests of our country." *Id*. at 5. In addition, Plaintiff complains about high levels of rainfall, particularly on "the Sabbath Day (commonly known as Saturday)," *id*. at 4, which has made it "very difficult for [him] to live in [his] part of the country," *id*. at 5. He "personally" is "tired of the storm systems being magnified by these forces that are controlling the weather." *Id*.

Plaintiff places responsibility on each defendant "as an extension of the U.S. government (the congress) to provide for the common defense" and on DOD to "repel[] invasions." *Id*. So, he seeks "$40,000.00 USD . . . from each defendant" and an order compelling "a full-scale investigation to stop these aerosol/contrail programs" because "[o]ur homeland is not secure, and we are not being defended." *Id.*

Absent clear authority not established here, courts cannot compel an agency to initiate an investigation or prosecute a case because such decisions are "generally committed to an agency's absolute discretion," *Heckler v. Chaney*, 470 U.S. 821, 831 (1985), and are "presumptively immune from judicial review, *Shoshone–Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995). And to the extent Plaintiff complains generally about the environment, the Supreme Court has "consistently held that a plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large —does not state an Article III case or controversy." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 573-74 (1992). Regardless, federal courts "are without power to entertain claims otherwise within their jurisdiction if," as here, "they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, [or] obviously frivolous[.]" *Hagans v.*

*Lavine*, 415 U.S. 528, 536–37 (1974) (internal quotation marks and citations omitted). Consequently, this case will be dismissed by separate order.

Date: February 9, 2024

/s/
RUDOLPH CONTRERAS
United States District Judge